## MARIA M. CUMMINS *et al. vs.* LILIA P. WOND.

### IN EQUITY. BEFORE ALLEN, C.J.

### APRIL, 1872.

A wife cannot convey her lands to her husband during coverture.

### DECISION OF ALLEN, C.J.

This is a petition for partition, and in answer it is alleged that Kamakee, the wife of Kamakau, conveyed to him a certain part of the Iliaina of Kewalo, by deed dated July 9th, 1865, and that he has continued in possession of the same till the

commencement of this suit, and she therefore submits that before partition can be made, the legal and equitable interest of said Kamakau in said premises should be determined.

The material question in this case, therefore, is whether a wife can make a legal conveyance of her own lands to her husband during coverture.

It is a well settled principle of the common law that a husband cannot convey lands by deed to his wife during coverture, and it is equally clear that a wife cannot convey her own lands to her husband. Neither can a wife convey her own lands to a stranger, unless her husband joins in the conveyance. Our statute is a virtual re-enactment of the common law as applicable to marital rights. The wife, in the language of the code, is deemed, for all civil purposes, merged in her husband, and civilly dead.

By the common law the husband and wife were considered as one person, and such conveyances were declared to be void. Washburn, in his treatise on Real Property, says that by the common law neither husband nor wife could convey lands to each other, nor release to each other. It is contended by the counsel for the respondent that although the conveyance would be void at common law, that was not a conclusive reason why it should not be good where the common law was not recognized as conclusive. This is a sound position, and would have application in this case unless the principles of the common law have been incorporated in our code. By the common law, if the wife was seized of an estate of inheritance in land, the husband, by the marriage, became seized of the freehold *jure uxoris*, and he takes the rents and profits during their joint lives. It will continue during their joint lives, and may continue during his life. If the wife dies before the husband, without having had issue, her heirs immediately succeed to the estate. If there is a child of the marriage, the husband takes the estate for life as tenant by curtesy, and on his death the estate goes to the wife or her heirs. Similar provisions are incorporated in the code, which provide that the husband shall,

in virtue of his marriage, have the rents and profits of all property of a fixed and immovable nature belonging to the wife unless otherwise stipulated by express contract, but if the wife shall first die, the same shall immediately descend to her heirs as if she had died sole, unless there happens to be legitimate issue of the marriage within the age of legal majority, in which case the husband shall enjoy a curtesy in said property until the said issue shall attain majority, when the property shall descend to the heirs of the body of the wife. All the authorities sustain the position that by the common law a deed of the wife of her own lands to the husband is void. These authorities should have great weight in the construction to be given to our code. Perhaps it should be regarded as conclusive, as the enactment was made, doubtless, with a full knowledge of the construction given to the provisions of the common law, not only by the English Courts, but by the American as well.

The Supreme Court in Maine sustained this doctrine until by legislation the wife was authorized to convey directly to the husband.

In the case of *Allen vs. Hooper,* 50 Maine Rep., 371, Chief Justice Appleton says: "That by the common law, the husband cannot convey by deed to the wife; he must do it by the intervention of a third person, nor can the wife convey to the husband. She is deemed *sub potestate viri,* and incapable of contracting with him. All contracts between them are void." *Martin vs. Martin,* 1 Greenl., 63. The Chief Justice then refers to the statutes which have been passed, and says "that the common law has been changed, and that henceforth the wife may deed directly to the husband."

Therefore the partition will be made without reference to the deed of Kamakee to Kamakau, which is hereby declared void.

*A. F. Judd,* counsel for complainants.

*J. W. Austin & L. McCully,* counsel for defendant.

April 23d, 1872.